**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**

**CHARLENE RENEE THOMAS-TINDLE**
S.S.# xxx-xx-0208

CASE NO. **10-56752-WSD**
CHAPTER **13**

_____Debtors_____/

## CHAPTER 13 PLAN

[**XX**] Original _**OR**_ [ ] Modification # _____  [**XX**] pre-confirmation _**OR**_ [ ] post-confirmation

**I.  PLAN PAYMENTS & DISBURSEMENTS**
This is the debtor's(s') latest Chapter 13 Plan.  The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.
- A.  The commitment period for this plan is no less than **60** months.
- B.  The debtor shall make payments in the amount of **$155.03 Bi-Weekly.**
- C.  Plan length: **60** months, commencing on the date of entry of **[XXX] THE ORDER CONFIRMING PLAN OR [ ] THE DUE DATE OF DEBTOR'S FIRST PLAN PAYMENT,** which shall also be the effective date of the Plan.  The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years or fail to comply with 11 USC 1322(d).
Debtor(s) propose 0% Tax Refunds during the pendency of the Chapter 13 Plan.

- D.  Treatment of claims
    1.  Class One - Administrative Expenses
        - a.  *Trustee fees* as determined by statute.
        - b.  Adequate Protection payments: Debtor shall make adequate protection payments to the secured creditors designated in Class 5 a., directly to the Trustee, pursuant to II.N. Payment of adequate protection will be made by the Chapter 13 Trustee at earlier of either the time of the first disbursement following the date originally set for confirmation, or the occurrence of dismissal or conversion. Payment of the adequate protection payments shall be paid as follows:

|  | CREDITOR | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|
| 1. | _____ | _____ | _____ |
| 2. | _____ | _____ | _____ |
| **3.** | **Total Adequate Payments:** | | _____ |

- c.  *Attorney fees and costs*: Subject to 11 USC 1326(a)(2), Attorney fees are to be determined by fee application.  For 30 days following the entry of the Order Confirming Plan, the Trustee shall hold from distribution the sum of **$5,000.00** as a fund for the payment of the attorney fees and costs that shall be determined by the court pursuant to 11 U.S.C. §330 and L.B.R. 2016-1(E.D.M.).  If no application has been served and filed within this 30 day period, the reserved funds will be released for distribution to creditors.

1

2. Class Two - Continuing Claims: Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the debtor shall increase Plan payments as needed for such compliance.
    a. Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| **INDY MAC MORTGAGE/RESIDENCE** <br> **1234 MONTCLAIR, DETROIT, MI** <br> **NOTE: PAYMENTS ARE CURRENT AND WILL BE PAID DIRECTLY BY DEBTOR.** | **1,117.00** |
| **SPECIALIZED LOAN SERVICING/RESIDENCE** <br> **1234 MONTCLAIR, DETROIT, MI** <br> **NOTE: DEBTORS SHALL "STRIP-OFF" SECOND MORTGAGE AS IT IS WHOLLY UNSECURED AND TREAT ENTIRE CLAIM AS A CLASS EIGHT GENERAL UNSECUREDCLAIM.** | **N/A** |

    b. Post-Petition/Pre-Confirmation Arrears- (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| -NONE- | | | | |

3. Class Three - Executory Contracts and/or Unexpired Leases [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]
    a. Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/Reject/Assign? | If assumed, regular payment per month | Lease/Contract expiration date |
|---|---|---|---|
| **JAMILA DEMPS/RENTAL** <br> **20115 HARNED, DETROIT, MI** <br> **NOTE: DEBTOR IS LESSOR AND RECEIVES $400.00 MONTHLY. DEBTOR SHALL ASSUME CONTRACT.** | **ASSUME** | **N/A** | **01/2011** |

    b. Pre-Petition Obligations:

| Creditor/Collateral | If assumed, amount of Default | If assumed, number of months to cure from confirmation date + interest rate | If assumed, monthly payment on cure |
|---|---|---|---|
| -NONE- | | | |

4. Class Four - Arrearage on Continuing Claims [11 U.S.C. §1322(b)(5)]
Pre-Petition Arrears:

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of months to cure from confirmation date |
|---|---|---|---|---|
| -NONE- | | | | |

5. <u>Class Five – Non-continuing Secured Claims</u>: Secured claims other than those listed in Classes Two and Four on which the last payment will become due within the Plan duration. Such payments made via the Trustee will be made in compliance with 11 USC §1322. Creditor(s) that qualify to be paid pursuant to 11 U.S.C. §(a)(5)(iii), shall be specifically designated in this classification.

| Creditor/Collateral | "Crammed down" 11 U.S.C. §1325(a)(5); or "Modified" 11 U.S.C. §1322(b)(2); and/or Equal Monthly Installments 11 U.S.C. §(a)(5)(iii) Indicate Which | Total Amount of Claim to be Paid | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| FORD CREDIT/ 2009 FORD FLEX | N/A | N/A | N/A | N/A | N/A | N/A |
| **NOTE: PAYMENTS ARE CURRENT AND WILL BE PAID DIRECTLY BY DEBTOR.** | | | | | | |
| ONE WEST BANK/RENTAL 20115 HARNED, DETROIT, MI | CRAMMED | 9,600.00 | 6% | 194.91 | 11,694.60 | 60 |
| **NOTE: ABOVE CLAIM TO BE PAID VIA THE CHAPTER 13 TRUSTEE.** | | | | | | |

6. <u>Class Six - Priority Unsecured Claims</u>

   a. Non-Assigned Domestic Support Obligations [11 U.S.C. §1322(a)(2)]

   | <u>Creditor</u> | <u>Amount</u> | <u>Interest Rate</u> |
   |---|---|---|
   | -NONE- | | |

   b. Assigned Domestic Support Obligations [11 U.S.C. §1322(a)(4)]

   | <u>Creditor</u> | <u>Amount</u> | <u>Interest Rate</u> |
   |---|---|---|
   | -NONE- | | |

   c. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

   | <u>Creditor</u> | <u>Amount</u> | <u>Interest Rate</u> |
   |---|---|---|
   | -NONE- | | |

7. <u>Class Seven - Special Unsecured Claims</u> shall be paid in full and concurrently with Class Eight General Unsecured Claims.

   | <u>Creditor</u> | <u>Amount</u> | <u>Interest Rate</u> | <u>Reason for Special Treatment</u> |
   |---|---|---|---|
   | -NONE- | | | |

8. <u>Class Eight - General Unsecured Claims</u> shall be paid, pro rata $2,500.00, from any funds available until expiration of the plan which is 60 months. Further, Class Eight General Unsecured Creditors will receive the amount stated or the Plan will continue for the length stated, whichever produces the greater dividend.

9. Other Provisions: Insert as necessary

## II. GENERAL PROVISIONS

A. **THIS PLAN FOLLOWS THE TRUSTEE'S MODEL PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF:** N/A – NO MODEL PLAN HAS BEEN APPROVED IN THIS JURISDICTION AS OF THE DATE OF FILING.

B. **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**: Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)]. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

C. **SURRENDER OR ABANDONMENT OF COLLATERAL**: Upon confirmation the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

D. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT**: While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E. **UNSCHEDULED CREDITORS FILING CLAIMS**: If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

F. **PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN**: In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

   1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, percentage of interest on arrears, if any, but the proof of claim shall not govern as to the valuation of collateral. **EXCEPT THE CLAIM OF SPECIALIZED LOAN SERVICING AS TO THE SECOND MORTGAGEE, WHICH SHALL BE TREATED AS A CLASS, EIGHT UNSECURED CLAIM.**

   2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

   3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court. **EXCEPT THE CLAIM OF SPECIALIZED LOAN SERVICING AS TO THE SECOND MORTGAGEE, WHICH SHALL BE TREATED AS A CLASS, EIGHT UNSECURED CLAIM.**

   4. A proof of claim or interest shall be deemed filed under 11 U.S.C. §501 for any claim or interest that appears in Classes Two, Three, Four or Five of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan. Unless otherwise ordered by the Court, aadequate protection payments shall not be paid to claims designated in Class 5 a., which do not meet the requirements under II.N.

      **NOTE:** Debtor reserves the right to object to any claim.

G. **TAX RETURNS AND TAX SET-OFFS**: All tax returns which have become due prior to the filing of this Plan have been filed except the following (see L.B.R. 2083-1(E.D.M.) regarding non-filed returns).
   -NONE-

H. **DEBTOR ENGAGED IN BUSINESS**: [ ] If the box to the immediate left is "checked", the debtor is self-employed **AND** incurs trade credit in the production of income from such employment.
   1. 11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

   2. The debtor shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

I. **ORDER OF PAYMENT OF CLAIMS**: Class One a. and b. claims shall be paid in advance of all claims, Class One c. claims in advance of all others, then Classes Two, Three, and any class Five claim which qualifies under 11 USC 1325(a)(5)(B)(iii) in advance of all remaining classes, then Classes Four and all other Class Five claims, then Class Six unless the consent of a non-assigned domestic support claimant is not obtained, payments shall be made pursuant to 1322 (a)(2), and then Classes Seven and Eight shall be paid as stated in each respective section. In the event there are insufficient funds to disburse to each creditor in a specific class, funds will be disbursed pro rata to that class. [LBR 3015-1(a)(5) (E.D.M.)]

J. **WORKSHEET**: The worksheet on a form available from the clerk's office, is required by L.B.R. 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

K. **CONFLICT OF DEBT AMORTIZATION**: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4 Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property pursuant and pursuant to 11 USC 1326(a)(2).

M. **ENTRY OF ORDERS LIFTING STAY**: Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

N. **ADEQUATE PROTECTION**: Pre-Confirmation Adequate Protection in Chapter 13 for Creditors Secured in personal property under 11 U.S.C. §1326(a)(1)(c): **IS GOVERNED BY LBR 4001-6 EDM**

O. **LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]**:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| RESIDENCE<br>RENTAL | 110,000.00<br>9,600.00 | 289,407.94<br>72,353.00 | 0.00<br>0.00 | 22,601.00<br>0.00 | 0.00<br>0.00 |
| VEHICLES<br>2009 FORD<br>1996 SATURN | 25,000.00<br>500.00 | 29,108.41<br>0.00 | 0.00<br>500.00 | 0.00<br>3,450.00 | 0.00<br>0.00 |
| HHG/PERSONAL EFFECTS | 4,250.00 | 0.00 | 4,250.00 | 4,250.00 | 0.00 |
| JEWELRY | 1,000.00 | 0.00 | 1,000.00 | 1,000.00 | 0.00 |
| CASH/BANK ACCOUNTS | 174.00 | 0.00 | 174.00 | 174.00 | 0.00 |
| OTHER<br>TSP<br>RETIREMENT | 72,090.65<br>UNKNOWN | 0.00<br>0.00 | 72,090.65<br>UNKNOWN | 72,090.65<br>3,500.00 | 0.00<br>0.00 |

Amount available upon liquidation ............................................................................ $ 0.00

Less administrative expenses and costs (10% ESTIMATED) .................................. $ 0.00

Less priority claims ................................................................................................ $ 0.00

Amount Available in Chapter 7 ................................................................................ $ 0.00

| | |
|---|---|
| **/S/ William R. Orlow** | **/S/ Charlene Renee Thomas-Tindle** |
| William R. Orlow (P41634) | Charlene Renee Thomas-Tindle |
| C. Jason Cardasis (P54930) | Debtor |
| Attorney for Debtor | |
| Law Office of William R. Orlow | |
| ADDRESS | |
| 24100 Woodward Avenue | |
| Pleasant Ridge, MI 48069 | Joint Debtor |
| | |
| wro_ecf@comcast.net | |
| 248-584-2100 | **June 2, 2010** |
| Phone Number | Date |

**WORKSHEET**

1. Length of Plan is _____ weeks;   **60**   months; _____ years.

   Debtor #1:

2. $ __**155.03**__ per pay period x   **Bi-Weekly 130**   pay periods per Plan = $ __**20,154.33**__ total per Plan

   Debtor #2:

   $ _____ per pay period x ____( )____ pay periods per Plan = $ _____ total per Plan

3. $ _____ per period x _____ periods in Plan = _____

4. Lump Sums:

5. Equals total to be paid into the Plan ......................................................... **20,154.33**

6. Estimated trustee's fees ................................... **959.73**

7. Adequate Protection Payments ....................... **0.00**

8. Attorney fees and costs .................................... **5,000.00**

9. Total priority claims ......................................... **0.00**

10. Total installment mortgage or other long-term debt payments ........... **0.00**

11. Total of arrearage including interest ................................. **0.00**

12. Total secured claims, including interest ................................. **11,694.60**

13. Total of items 6 through 12 ............................................................... $ **17,654.33**

14. Funds available for unsecured creditors (item 5 minus item 13) ............ $ **2,500.00**

15. Total unsecured claims (if all file) ........................................................ $ **157,657.32**

16. Estimated dividend to general unsecured creditors if Chapter 7, (see liquidation analysis attached) ........................................ $ **0.00**

COMMENTS: