UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Charlene Renee Thomas-Tindle.   Case No. 10-56752-wsd
                                Chapter 13 Case
                                Hon. Walter Shapero.Detroit

                 Debtor.
_____

## JEFFERSON VILLAGE CONDOMINIUM ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Jefferson Village Condominium Association (the "Association"), by its attorneys, Makower Abbate and Associates, for its Motion for Relief from the Automatic Stay, states as follows:

1. Charlene Renee Thomas-Tindle ("Debtor") owns a residential condominium unit in Detroit, Michigan (the "Residence"), being Unit 13 of Jefferson Village Condominium (the "Condominium"), which Residence is commonly known as 1234 Montclair Avenue, Detroit, MI, which, upon information and belief, serves as the Debtor's primary residence.

2. The Association is the condominium association for the Condominium community in which the Residence is located. The Debtor was required to pay monthly fees and assessments to the Association. Pursuant to Section 108 of the Michigan Condominium Act, the Association has a lien on the Residence to secure payment of the fees and assessments.

3. The Debtor field a Chapter 13 Petition on or about May 20, 2010, and a proposed Chapter 13 Plan on or about June 3, 2010. The Debtor's Chapter 13 Plan was confirmed on or about October 6, 2010.

4. The Debtor's Chapter 13 Plan does not provide for treatment of the Association's secured claims and, as such, the Association's secured claim was to be paid by Debtor directly to the Association.

5. Direct payments are not being remitted to the Association in an amount sufficient to cover all fees and assessments which are owed by the Debtor to the Association, and the Debtor is currently in arrears in the payment of fees and assessments to the Association in the amount of $2,859.80.

6. Cause exists to grant the Association relief from the automatic stay because the debt owing to the Association is fully secured pursuant to a lien granted by Section 108 of the Michigan Condominium Act and the Debtor is not making payments to the Association on its secured claim.

7. Concurrence was sought for the relief requested herein but was not forthcoming, and hence it is necessary to file this Motion.

WHEREFORE, The Association requests that this Court grant its motion for Relief from the Automatic Stay by entering the Order attached hereto as <u>Exhibit A</u>.

                                                                   Respectfully submitted,
                                                                   MAKOWER ABBATE AND ASSOCIATES

                                                                   <u>/s/ Stephen M. Guerra</u>
                                                                   Stephen M. Guerra (P67653)
                                                                  Attorney for Jefferson Village
                                                                  Condominium Association
                                                                  30140 Orchard Lake Road
                                                                  Farmington Hills, Michigan 48334
                                                                  (248) 254-7600

Dated: February 17, 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Charlene Renee Thomas-Tindle.   Case No. 10-56752-wsd
                                Chapter 13 Case
                                Hon. Walter Shapero.Detroit

            Debtor.
_____

**JEFFERSON VILLAGE CONDOMINIUM ASSOCIATION'S BRIEF IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Jefferson Village Condominium Association (the "Association"), by its attorneys, Makower Abbate and Associates, submits this Brief in Support of its Motion for Relief from the Automatic Stay.

**SUMMARY OF FACTS**

Charlene Renee Thomas-Tindle ("Debtor") owns a residential condominium unit in Detroit, Michigan (the "Residence"), being Unit 13 of Jefferson Village Condominium (the "Condominium"), which Residence is commonly known as 1234 Montclair Avenue, Detroit, MI, which, upon information and belief, serves as the Debtor's primary residence. The Association is the condominium association for the Condominium community in which the Residence is located. The Debtor was required to pay monthly fees and assessments to the Association. Pursuant to Section 108 of the Michigan Condominium Act, the Association has a lien on the Residence to secure payment of the fees and assessments.

The Debtor field a Chapter 13 Petition on or about May 20, 2010, and a proposed Chapter 13 Plan on or about June 3, 2010. The Debtor's Chapter 13 Plan was confirmed on or about October 6, 2010. The Debtor's Chapter 13 Plan does not provide for treatment of the

Association's secured claims and, as such, the Association's secured claim was to be paid by Debtor directly to the Association. Direct payments are not being remitted to the Association in an amount sufficient to cover all fees and assessments which are owed by the Debtor to the Association, and the Debtor is currently in arrears in the payment of fees and assessments to the Association in the amount of $2,859.80.

## DISCUSSION

PURSUANT TO 11 USC § 362(d)(1), CAUSE EXISTS TO GRANT RELIEF FROM THE AUTOMATIC STAY BECAUSE (1) THE DEBT OWING TO THE ASSOCIATION IS FULLY SECURED PURSUANT TO A LIEN GRANTED BY SECTION 108 OF THE MICHIGAN CONDOMINIUM ACT AND (2) THE DEBTOR IS NOT MAKING PAYMENTS TO THE ASSOCIATION ON ITS SECURED CLAIM

11 USC § 362(d)(1) provides that the Court may grant relief from the automatic stay for "cause." Cause exists to grant the Association relief from the automatic stay so that it can foreclose its lien on the Residence because the debt owing to the Association is fully secured pursuant to a lien granted by Section 108 of the Michigan Condominium Act and the Debtor is not making payments to the Association on its secured claim.

## CONCLUSON

For the reasons stated above, the Association respectfully requests this Court to enter the order attached as Exhibit A granting it relief from the automatic stay.

Respectfully submitted,
MAKOWER ABBATE AND ASSOCIATES

/s/ Stephen M. Guerra _____
Stephen M. Guerra (P67653)
Attorney for Jefferson Village
Condominium Association
30140 Orchard Lake Road
Farmington Hills, Michigan 48334
(248) 254-7600

Dated: February 17, 2011

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Charlene Renee Thomas-Tindle.  Case No. 10-56752-wsd
Chapter 13 Case
Hon. Walter Shapero.Detroit

        Debtor.
_____

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

This matter having come before the Court on Jefferson Village Condominium Association's Motion for Relief from Automatic Stay (the "Motion") and the Court being otherwise fully advised in the premises:

IT IS ORDERED, that the automatic stay of section 362(a) of the Bankruptcy Code is hereby terminated as to Jefferson Village Condominium Association and Jefferson Village Condominium Association is granted leave to exercise its rights in the Residence commonly known as 1234 Montclair Avenue, Detroit, MI, which, upon information and belief, serves as the Debtor's primary residence.

_____
BANKRUPTCY COURT JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Charlene Renee Thomas-Tindle.  Case No. 10-56752-wsd
Chapter 13 Case
Hon. Walter Shapero.Detroit

Debtor.
_____

**NOTICE OF AND OPPORTUNITY TO RESPOND TO
JEFFERSON VILLAGE CONDOMINIUM ASSOCATION'S MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Jefferson Village Condominium Association has filed a Motion with the Court for entry of an Order Granting Relief From The Automatic Stay.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your view on the Motion, within 14 days, you or your attorney must:

1. File with the Court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort Street
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

---

[1] Response or answer must comply with F.R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

Stephen M. Guerra
Makower Abbate and Associates, PLLC
30140 Orchard Lake Road
Farmington Hills, MI  48334

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of date, time and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

February 17, 2011                                    Respectfully submitted,
                                                     Makower Abbate and Associates, PLLC



                                                     By: /s/ Stephen M. Guerra
                                                     Stephen M. Guerra (P67653)
                                                     Attorney for Jefferson Village
                                                     Condominium Association
                                                     30140 Orchard Lake Road
                                                     Farmington Hills, MI  48334
                                                     (248) 254-7600

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Charlene Renee Thomas-Tindle     Case No.: 10-56752-wsd
                                                     Chapter 13
                Debtor.           Hon. Walter Shapero.Detroit

_____/

### STATEMENT REGARDING OWNERSHIP OF JEFFERSON VILLAGE CONDOMINIUM ASSOCIATION

The following entities directly or indirectly own 10% or more of any class of the corporation equity interest:

Name: _____
Address: _____

Name: _____
Address: _____

(For additional names, attach a addendum to this form)

__X__ There are no entities that directly or indirectly own 10% or more of any class of the corporations equity interest.

The undersigned is the:

__X__ Creditor
_____ Plaintiff
_____ Defendant

Dated: February 17, 2011                   /s/ Stephen M. Guerra

                                                         Signature of Authorized Individual
                                                         For Corporate Party

                                                         Stephen M. Guerra
                                                         Print Name

                                                         Attorney
                                                         Title